# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL F. SIDOREK and SARA P. SIDOREK,  :   | |
| Plaintiffs   : | CIVIL ACTION NO. 3:13-0208 |
| v.   : | |
| CHESAPEAKE APPALACHIA, LLC,   : | (JUDGE MANNION) |
| Defendant   : | |

## MEMORANDUM AND ORDER

Pending before the court is the plaintiffs' motion for a temporary injunction. (Doc. 16). Based upon the court's review of the motion and the related materials, the plaintiff's motion will be denied.

By way of relevant background, on January 28, 2013, the plaintiffs brought the instant diversity action in an attempt to void portions of their oil and gas lease with the defendant and claiming damages for alleged breaches of contract by the defendant. (Doc. 1).

The defendant filed a motion to compel arbitration and stay, (Doc. 9), which by memorandum and order dated this same day is being granted.

As part of their complaint, the plaintiffs allege that their lease with defendant expired with respect to a portion of their land and that the defendant attempted to engage in further action on that land thereafter. The plaintiffs allege that, since the filing of the instant action, the defendant has failed to stop activity on that portion of their land for which the lease expired.

In the instant motion for temporary injunction, the plaintiffs argue that they recently determined that the defendant activated a well on the land which they allege is no longer subject to the lease agreement. The plaintiffs argue that, since the filing of this action, they have received a division order indicating that gas is now being drawn from the subject land and that the defendant has taken natural gas from the land without their permission. To the extent that the lease is no longer in effect, the plaintiffs argue that the defendant is engaging in theft and fraud by drawing the natural gas from their property. If, however, the lease is found to be still valid with respect to the subject property, the plaintiffs argue that they should be receiving ongoing royalty payments for the gas that is being extracted from their land. The plaintiffs argue that they have not received any royalty payments as of the filing of their motion.

As a result of the above, the plaintiffs request that the court enter an order compelling the defendants to cease and desist from all drawing of natural gas from their land or, in the alternative, to pay produce royalty payments in the interim while the instant action is being litigated.

Where a party seeks injunctive relief pending arbitration, that party must demonstrate: (1) irreparable injury if relief is not granted to prevent a change in the status quo pending the outcome of an arbitration; (2) a reasonable probability of eventual success on its claims; (3) that the possibility of harm to other interested persons if injunctive relief is granted would not outweigh

the harm it will suffer if injunctive relief is denied; and (4) that the injunction it seeks will serve the public interest. See Ortho Pharm. v. Amgen, Inc., 882 F.2d 806, 812 (3d Cir. 1989).

"The injunction shall issue only if the plaintiff produces evidence sufficient to convince the district court that all four factors favor preliminary relief." Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Rodger, 75 F. Supp. 2d 375, 380 (M.D. Pa. 1999) (citing New Jersey Hospital Ass'n v. Waldman, 73 F.3d 509, 513 (3d Cir. 1995) (quoted case omitted)). Thus, a "plaintiff's failure to establish any element in its favor renders a preliminary injunction inappropriate." Id. (citing NutraSweet Co. v. Vit-Mar Enterprises, Inc., 176 F.3d 151, 153 (3d Cir.1999)).

Here, the plaintiffs have not shown that they will suffer irreparable harm if they are not granted injunctive relief.

> In order to demonstrate irreparable harm the plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial. The preliminary injunction must be the only way of protecting the plaintiff from harm. See e.g., Weinberger v. Romero-Barcelo, 456 U.S. 305 [102 S.Ct. 1798, 72 L.Ed.2d 91] (1982); Continental Group, Inc. v. Amoco Chemicals Corp., 614 F.2d 351, 356 and n.9 (3d Cir. 1980).
>
> Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989) (emphasis added). In ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987) (citations omitted) we stated:
>
>> Establishing a risk of irreparable harm is not enough. A plaintiff has the burden of proving a "clear showing of immediate irreparable injury." The "requisite feared injury or harm must be irreparable not merely serious

3

> or substantial," and it "must be of a peculiar nature,
> so that compensation in money cannot atone for it."

[Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91-92 (3d Cir. 1992)](Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91-92 (3d Cir. 1992)).

With respect to the instant action, there is no indication from the plaintiffs' filing that they have no adequate remedy at law and, in fact, the plaintiffs seek monetary damages by way of royalty payments as alternative relief in their motion for temporary injunction. Because the plaintiffs readily posit monetary damages as a suitable alternative remedy, they have not shown that they will suffer any irreparable injury if they are not granted injunctive relief.

The court further finds, as argued by the defendant, that the plaintiffs have failed to establish any immediacy with respect to their claim. To this extent, materials attached to the defendant's brief in opposition to the motion for temporary injunction establish that counsel for the plaintiffs acknowledged, as early as May 2, 2013, receipt of notice that the plaintiffs' property was included in new oil and gas development units. No action was taken. Subsequently, following drilling and completion of the wells, a division order dated October 28, 2013, was sent to the plaintiffs related to the wells. This was signed by the plaintiffs and returned. Thereafter, on January 15, 2014, the plaintiffs sent an e-mail to defendant acknowledging having signed the division order and inquiring as to when royalty payments would begin. It was not until February 11, 2014, more than nine months after counsel

acknowledged receipt of notice of the development of the plaintiffs' property that the instant motion for temporary injunction was filed. In the meantime, the plaintiffs took no action to enjoin the development of the property and, instead, signed a division order with respect to the property and inquired as to when they would receive their royalty payments. There is no indication therefore that the plaintiffs will undergo any immediate irreparable injury which requires relief from this court at this time.

On the basis of the foregoing, **IT IS HEREBY ORDERED THAT:** the plaintiffs' motion for temporary injunction, **(Doc. 16)**, is **DENIED**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: March 24, 2014**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-0208-04.wpd